United States District Court
Southern District of Texas
**ENTERED**
December 05, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GWENDOLYN CARPENTER, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-18-293 |
| | § | |
| KIRK MORTUARY FUNERAL HOME, | § | |
| SUPER 8 MOTEL, LONGVIEW, TEXAS | § | |
| MEMORIAL HERMANN HOSPITAL, | § | |
| INMAN SHIPPING WORLDWIDE, | § | |
| MAINLAND MEDICAL CENTER, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION ON RECONSIDERATION

On January 31, 2018, Plaintiffs, proceeding pro se,[1] filed this action seeking damages arising out of their mother's death in January 2009.[2] The amended complaint cryptically stated the claims as: "Fraudulent - Violated Our Constitutional Rights, Forgery - Power Attorney and Consent, withholding, Embezzlement - Records, doing what they want to do without the family's consent."[3]

Plaintiffs further explained:

> Because Our Mother Mrs. Eula Mae Scott died of a wrongful death and it was not no investigation done. Due to Our Mother Mrs. Eula Mae Scott cause of death that Memorial Hermann Hospital stated. The reason why it wasn't no investigation the Police stated that we family have to file for an injunctions and subpoenas for our mother Mrs. Eula Mae Scott's Medical Records as the Autopsy,

---

[1]      Plaintiff, Gwendolyn Carpenter, purports to represent herself and Derrick Scott in the Original Complaint and more individuals in the Amended Complaint. As it does not appear that Ms. Carpenter is a licensed attorney, she may only represent her personal interests and not those of any other party.

[2]      See Doc. 3, Pls.' Am. Compl. p. 6.

[3]      Id.

Toxicology et al., since defendant's are withholding
records and the family has paid in full already . . . .[4]

Reading between the lines, it appears that Plaintiffs believe
that the defendants are hiding the cause of their mother's death
and took medical actions based on a forged medical power of
attorney.  In addition to alleging forgery and fraud, Plaintiffs
claim these actions violate their constitutional rights.

On May 7, 2018, the court dismissed this action without
prejudice based on Plaintiffs' failure to timely serve any
defendant.[5]  On May 17, 2018, Plaintiff Carpenter filed the pending
motion for reconsideration, seeking reinstatement of the action in
order that service of process be completed.[6]  Plaintiff Carpenter
explained that the delay in service was due to difficulty in
printing the summons form from the District Clerk's website.[7]

Before considering the pending motion, the court has an
obligation to determine whether it has subject matter jurisdiction
over the case.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574,
583 (1999).  A complaint need not contain "detailed factual
allegations" but must include sufficient facts to indicate the
plausibility of the claims asserted, raising the "right to relief
above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S.

---

[4]     See id. p. 7.

[5]     See Doc. 5, Ord. of Dismissal Dated May 7, 2018.

[6]     See Doc. 7, Mot. to Reconsider.

[7]     See id. pp. 1-2.

2

544, 555 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. 678.

This court has jurisdiction over civil cases "arising under the Constitution, law, or treaties of the United States." <u>See</u> 28 U.S.C. § 1331.  Here, federal question jurisdiction may be triggered by a plausible allegation of a violation of Plaintiffs' constitutional rights.

Title 42, United States Code Section 1983[8] ("Section 1983") provides a remedy for constitutional violations by individuals acting under color of state law.  <u>See</u> 42 U.S.C. § 1983.  The statute creates no substantive right, but only provides remedies for deprivations of rights created under federal law.  <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).  A plaintiff can establish a prima facie case under Section 1983 by alleging: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by an individual acting under the color of state law.  <u>Doe v. Rains County Indep. Sch. Dist.</u>, 66 F.3d 1402,

---

[8]    The provision reads, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

1406 (5th Cir. 1995).

When, as here, a plaintiff sues a private party under Section 1983, the plaintiff can satisfy the requirement of state action by showing that a defendant's action was so closely connected to the State that it "may be fairly treated as that of the State itself." Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001).  The complaint and amended complaint purport to sue a funeral home, a hospital, a motel, a medical center and a shipping company for violations of Plaintiffs' constitutional rights.  However, the pleadings fail to allege facts that would raise an inference of a constitutional violation or that any defendant acted under color of state law or was so closely connected to the State of Texas that it may be treated as state actor.

The court concludes that Plaintiffs cannot state a claim for a constitutional violation under Section 1983, and therefore it lacks subject matter jurisdiction under 28 U.S.C. § 1331.[9]  In the absence of a colorable claim over which it would have jurisdiction, service of process would be an act of futility.  Plaintiffs' motion for reconsideration must be denied.

---

[9]     It does not appear that Plaintiff could alternatively claim diversity of citizenship as a basis for subject matter jurisdiction.  The diversity statute requires complete diversity of citizenship.  See Corfield v. Dallas Glen Hills, LP, 355 F.3d 853, 857 (5th Cir. 2003); 28 U.S.C. § 1332.  The complaint confirms that Plaintiff and all defendants are citizens of the State of Texas.  Therefore, the court lacks diversity jurisdiction.
        As the court lacks original federal question jurisdiction, it opts not to exercise supplemental jurisdiction over the state law causes of action. See 28 U.S.C. § 1367(c)(3).

4

In light of the foregoing, it is **RECOMMENDED** that Plaintiffs' Motion for Reconsideration (Doc. 7) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation on Reconsideration to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically or by mail. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 5th day of December, 2018.


_____
U.S. MAGISTRATE JUDGE